[No. 19542.   Department Two.   March 18, 1926.]

J. J. DORAN & COMPANY, *co-partners, Respondents*, v. SAM J. WILSON, *Appellant*.[1]

[1] PRINCIPAL AND AGENT (62)—IMPLIED RATIFICATION—ACQUIES-CENCE. The ratification of an agent's unauthorized purchase of corporate stock, by the principal's subsequent promise to take and pay for it, is not affected in any way by the fact that the principal, at the time of the later agreement, denied that the agent had any authority to make the purchase.

[2] FRAUDS, STATUTE OF (4)—ORIGINAL OR COLLATERAL PROMISE. The ratification of an agent's unauthorized purchase of corporate stock, by the principal's subsequent promise to take and pay for it, is not a promise to answer for the debt of another within the statute of frauds, Rem. Comp. Stat., § 5825, but an original promise to assume the agent's obligation as his own.

[1]Reported in 244 Pac. 128.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 30, 1925, upon findings in favor of the plaintiffs, in an action to recover the purchase price of corporate stock, tried to the court. Affirmed.

*Alex M. Winston,* for appellant.
*Randall & Danskin,* for respondents.

PARKER, J.—The plaintiffs, copartners, seek recovery from the defendant, Wilson, on account of money advanced by them in the purchase of certain corporate stock, which purchase was made by them in compliance with a request of one Davis assuming to act for and in the name of the defendant. A trial in the superior court for Spokane county, sitting without a jury, resulted in findings and judgment awarding to the plaintiffs recovery against the defendant as prayed for, from which he has appealed to this court.

It is conceded that the controlling facts are as found by the trial court. They may be summarized as follows: The plaintiffs are copartners engaged in the brokerage business at Los Angeles, California. On June 3d and 4th, 1924, Davis, assuming to act for and in the name of the defendant, sent two telegrams, both of which he signed with the defendant's name, from Spokane to the plaintiffs at Los Angeles, requesting them to there purchase for the defendant 10,000 shares of the capital stock of the Richmond Consolidated Mining Company. At that time the sending of these telegrams by Davis was unauthorized by the defendant. This want of authorization was then unknown to the plaintiffs. In compliance with these telegrams, on the same days, the plaintiffs purchased for the defendant 10,000 shares of the stock as requested, advancing and paying therefor the sum of $1,780, and immediately

thereafter sent the certificates for the stock to Spokane for delivery to the defendant.

"Shortly thereafter and prior to the twenty-fifth day of July, 1924, the defendant learned all the facts in connection with the orders and purchases of said stock, and at all times, from the day the defendant learned that the said Davis had ordered said stock in his, defendant's name, up to, and including the twenty-fifth day of July, 1924, the defendant denied that the said Davis had any authority to so order said stock. On said twenty-fifth day of July, 1924, the said defendant, while still denying the authority of Davis to order said stock in defendant's name, promised the plaintiffs to take said ten thousand (10,000) shares of stock purchased for him by the plaintiffs, and to pay plaintiffs for it the sum of $1,780, the amount they had advanced for him."

At all times since so purchasing the stock by the plaintiffs, they have been ready and willing to deliver the certificates therefor to the defendant, and in that behalf have deposited the certificates therefor in the registry of the court for the defendant, but he has refused to accept delivery therefor and has refused to reimburse the plaintiffs for the amounts so advanced by them.

[1] The principal contention here made in behalf of the defendant is, in substance, that, because he in terms denied the agency authority of Davis to request the plaintiffs to purchase the stock for him, his promise, made to the plaintiffs to take the stock and reimburse the plaintiffs therefor, does not in law constitute a ratification of the assumed agency of Davis. The argument seems to be that it is not enough to bind the defendant, upon the theory of ratification, that he promised to take the stock purchased for him by the plaintiffs and pay to the plaintiffs the sums advanced

therefor, since such promise was accompanied by the defendant's denial of the agency authority of Davis.

It seems plain to us, that the only theory on which the plaintiffs ever made any demand upon defendant with reference to the stock was that they had purchased it for the defendant, and had advanced funds therefor upon the request of Davis, acting as agent for the defendant. Their demand upon the defendant was in no sense made upon the theory that the defendant should purchase the stock from them. Plainly, the defendant understood that such was the sole basis of the plaintiffs' demand upon him, and we think that it is equally clear that the defendant made his promise accordingly; that is, his promise to take the stock and reimburse the plaintiffs for its purchase was his ratification of the assumed agency of Davis, though continuing to deny that Davis possessed any such agency authority at the time of requesting, in the name of the defendant, that the plaintiffs make the purchase of the stock. We are unable to see that this denial of the agency authority of Davis as existing at the time he, in the name of the defendant, requested the plaintiffs to make the purchase of the stock, can be of any avail to the defendant at this time. The fact that Davis may not have had any agency authority to act as he did does not, in the least, stand in the way of ratification by the defendant of Davis's then assumed agency acts. Indeed, it was only the want of agency authority on the part of Davis that made ratification necessary.

[2] Some contention is made, seemingly rested upon the theory that the promise of the defendant to reimburse the plaintiffs for the sums advanced by them in the purchase of the stock was, in legal effect, a promise on his part to answer for the debt of another,

and therefore was unavailing as putting upon the defendant any obligation, because of our statute of frauds, § 5825, Rem. Comp. Stat., requiring that such promise be in writing. We think a complete answer to this is the fact that this was not a promise to answer for the debt of another. It was a mere promise constituting a ratification of an assumed agency of another. Davis did not assume to create an obligation upon himself, but he acted as agent for and in the name of his assumed principal, the defendant; and, as we see it, the defendant's promise was but a ratification of that assumed agency act, and, in law, a promise to assume the obligation so created by Davis as his own obligation.

It seems clear to us that the judgment must be affirmed. It is so ordered.

TOLMAN, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.